# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE NAVARRO, *on behalf of E.R.N.*, <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant. | Case No.  1:26-cv-00108-SKO (SS) <br><br> **ORDER** <br><br> **(1)  GRANTING LEAVE TO FILE AN AMENDED IFP APPLICATION;** <br><br> **(2)  GRANTING LEAVE TO FILE AN AMENDED COMPLANT;** <br><br> **(3)  REQUIRING PLAINTIFF MAKE A SUFFICENT SHOWING THAT NO APPOINTMENT OF A *GUARDIAN AD LITEM* IS NECESSARY PURSUANT TO LOCAL RULE 202(a) IF E.R.N. IS A MINOR** <br><br> (Doc. 2) <br><br> <u>TWENTY-ONE (21) DAY DEADLINE</u> |

Plaintiff Christine Navarro filed a complaint on behalf of E.R.N. on January 8, 2026, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the "IFP application"). (Docs. 1 & 2.)  Upon review of the complaint and the IFP application, the Court has identified two deficiencies that must be remedied.  First, the IFP application is largely incomplete. (Doc. 2).  Second, the Court observes that nothing filed on the docket establishes the basis for or Christine Navarro's standing to bring this action in a representative capacity on behalf of E.R.N.

As to the IFP application, the Court observes that it is largely incomplete and does not provide the information necessary for the Court to make a decision on the IFP application. *See* 28 U.S.C. § 1915(a)(1). Importantly, Plaintiff does not include any information about her income.

The Court will grant Plaintiff twenty-one (21) days to submit an amended complete IFP application.

Turning to Christine Navarro's standing to bring this action in a representative capacity, the Court observes that the default rule, subject to exceptions set forth in Federal Rule of Civil Procedure 17, is that "[a] *pro se* litigant such as plaintiff cannot represent another person or assert claims on another's behalf." *Shatford v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 15-1767 BRO (AJW), 2016 WL 1579379, at *25 (C.D. Cal. Mar. 29, 2016), *report and recommendation adopted*, No. CV 15-1767 BRO (AJW), 2016 WL 1573422 (C.D. Cal. Apr. 19, 2016).  Upon review of the complaint, (*see* Doc. 1), the Court observes that Christine Navarro has not established a basis to bring this suit in a representative capacity on behalf of E.R.N.

However, if E.R.N. is a minor, Federal Rule of Civil Procedure 17(c) would allow Christine Navarro to bring this action in a representative capacity.  Rule 17(c) provides that a suit by a minor may be brought or defended by "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1).  Thus, Rule 17(c)(1)(A) permits a "general guardian" to sue in federal court on behalf of a minor, and "[a] parent is a guardian who may so sue." *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (denying a motion to appoint a guardian ad litem as unnecessary because nothing in the complaint indicated the minor plaintiff's parents would not adequately protect her interests, nor was there evidence of a conflict of interest between the minor plaintiff and her parents); *see also Prudential Ins. Co. of Am. v. Remington,* No. 2:12-cv-02821-GEB-CMK, 2013 WL 3070629, *2 (E.D. Cal. Mar. 23, 2013) (finding no need to appoint parent guardian ad litem of defendant minor where nothing in the record suggested she had a conflict or would not protect the minor's interests).

The Local Rules of the Eastern District of California provide that:

> *Upon commencement of an action* or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. L.R. 202(a) (emphasis added). Here, the complaint does not expressly indicate that E.R.N. is a minor, or that Christina Navarro is the parent and legal guardian of E.R.N. (*See* Doc. 1). However, assuming that E.R.N. is a minor, and Christina Navarro is the minor's parent and legal guardian, to establish Christian Navarro's standing to bring this action on behalf of E.R.N., Christina Navarro would be required to (1) file an amended complaint that includes allegations that E.R.N. is a minor and that Christina Navarro is the parent and legal guardian of minor E.R.N.[1] and (2) provide a showing satisfactory to the Court that no appointment of a *guardian ad litem* is necessary to ensure adequate representation of the minor or a motion for the appointment of a *guardian ad litem* that meets the requirements of Local Rule 202(a). This showing required under Local Rule 202(a) may take the form of a signed and sworn declaration that Christina Navarro is the legal parent and guardian of E.R.N., that she is able to serve as a representative for E.R.N., and that she has no conflicting interests.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is GRANTED leave to file within **twenty-one (21) days** from the date of entry of this order,

1.   An amended IFP application that fully responds to all applicable questions and affirmatively indicates which questions are not applicable and why; and

2.   An amended complaint that includes any allegations necessary to establish Christina Navarro's right to sue in a representative capacity.

It is further ORDERED that if the basis for Christina Navarro's standing to sue in a representative capacity is that she is the parent and legal guardian of minor E.R.N., Christina Navarro SHALL also present a showing satisfactory to the Court that no appointment of a *guardian ad litem* is necessary to ensure adequate representation of the minor or a motion for the appointment of a *guardian ad litem* that meets the requirements of Local Rule 202(a).

The Court CAUTIONS Plaintiff that, if she fails to amend the IFP application within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that the application be denied. The Court further CAUTIONS Plaintiff that if she fails

---

[1] The Court advises Plaintiff that if E.R.N. is a minor, this requirement would be satisfied by listing the Plaintiff as "Christina Navarro, on behalf of minor child E.R.N."

to amend the complaint to plead facts setting forth the basis for and her standing to bring this action in a representative capacity on behalf of E.R.N., the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety.

The Clerk of Court is DIRECTED to serve Plaintiff at the address listed on the docket with a copy of this order and both a new *in forma pauperis* application form and a blank Complaint for Review of a Social Security Decision form.

IT IS SO ORDERED.

Dated:    **January 13, 2026**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

4