# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE NAVARRO, *on behalf of minor E.R.N.*,<br><br>                    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO, Commissioner of Social Security<br><br>                    Defendant.<br>_____/ | Case No.  1:26-cv-00108-SKO<br><br>**ORDER GRANTING PLAINTIFF FORTY-FIVE DAYS LEAVE TO SEEK LEGAL REPRESENTATION IN ORDER TO PROCEED WITH REPRESENTATIVE CLAIM ON BEHALF OF MINOR PLAINTIFF**<br><br><u>FORTY-FIVE DAY DEADLINE</u> |

Christine Navarro, on behalf of minor Plaintiff E.R.N., filed an amended complaint on January 21, 2026, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits.  (Doc. 4).

In a prior order, the Court indicated that Christine Navarro could represent a minor child as a general guardian if she were the parent of that minor child. *See Navarro v. Bisignano*, No. 1:26-CV-00108-SKO (SS), 2026 WL 95446 (E.D. Cal. Jan. 13, 2026).  However, while Rule 17(c) allows for a "general guardian" to act in a representative capacity asserting claims on behalf of a minor child, upon further review of the case law, the Court finds that Christine Navarro cannot asset representative claims on behalf of a minor and proceed *pro se*, meaning without legal

1

representation by a licensed attorney.

Federal Rule of Civil Procedure 17(c) provides that representatives in the form of "a general guardian," "a committee," "a conservator," or "a like fiduciary," "may sue or defend on behalf of a minor." However, it is well-settled in the Ninth Circuit that, while a "general guardian" is entitled to sue in a representative capacity, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also id.* at 876–77 ("[I]t is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." (quoting *Osei-Afrivie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir. 1991)); *Garcia v. Colvin*, No. 1:13-CV-00477-SMS, 2013 WL 1500232, at *2 (E.D. Cal. Apr. 10, 2013) ("Plaintiff cannot proceed pro se in this appeal of the Commissioner's denial of SSI benefits to [her daughter], but must retain an attorney to represent her daughter."); *Grizzell v. San Elijo Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024) (noting other circuits have "acknowledged concerns" about the counsel mandate with regard to a *pro se* parent proceeding on behalf of a child in federal court, but finding they are "bound by *Johns*, which holds that a parent may not proceed pro se on her children's behalf"), *cert denied sub nom.* No. 24-812, 2025 WL 1426678 (May 19, 2025); *Belle v. Berryhill*, 2019 WL 12433360, at *1 (D. Nev. Jan. 18, 2019) (noting plaintiff cannot challenge denial of social security benefits on behalf of her minor child, and giving plaintiff a deadline to advise the court if she would retain counsel); *Smith for S.L.I. v. Comm'r of Soc. Sec.*, No. 1:25-CV-00791-HBK, 2025 WL 1993676 (E.D. Cal. July 17, 2025) (same).

The choice to appear *pro se*, without legal representation, is not a true choice for minors who cannot determine their own legal actions. *Id.* And because there is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. *Johns*, 114 F.3d at 876. Where minors have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. *Id.* In sum, a parent or guardian cannot bring an action in a representative capacity on behalf of a minor child under Rule 17(c) unless that child's claims are brought with

legal representation by an attorney.  "And if a[n attorney] is not secured to bring suit on a minor's behalf, the complaint should be dismissed without prejudice so the minor may bring the action upon reaching the age of majority."  *Duarte v. Figueroa*, No. C 05-1049 JF(PR), 2006 WL 708994, at *1 (N.D. Cal. Mar. 21, 2006).  Because no attorney has appeared on behalf of Plaintiff, Christine Navarro may not bring such claims in a representative capacity on behalf of E.R.N.  Christine Navarro must, therefore, seek legal representation if she intends to prosecute this action.

Additionally, the Court will direct Christine Navarro to consider the privacy protections for court filings under Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 140.  Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), "[u]nless the court orders otherwise," a filing may include only a minor's initials.  Moreover, under Local Rule 140(a)(i), unless the Court orders otherwise, "when filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact [minor's names] from all pleadings, documents, and exhibits."  Further, the Court will not "as a matter of course seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper."  L.R. 140(e).  This Order will refer to the minor referenced in the instant motion by their initials "E.R.N."

Accordingly, it is ORDERED:

1.   Christine Navarro is GRANTED <u>forty-five (45) days</u> leave to seek legal representation in this action.

2.   In the event counsel makes an appearance within forty-five (45) days of the service of this order, such counsel will be advised to consult Local Rule 202(a).

3.   In the event that no counsel makes an appearance within forty-five (45) days of the service of this order, the Court will issue an order to show cause why this case should not be dismissed without prejudice for lack of legal representation of a minor plaintiff.

4.   Christine Navarro is further DIRECTED to consult Federal Rule of Civil Procedure 5.2 and Local Rule 140.

//

//

3

5.      The Clerk is DIRECTED to serve a copy of this order on Plaintiff at their last known address as reflected on the docket.

IT IS SO ORDERED.

Dated:   **January 22, 2026**                        /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE